**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL KALETA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 606 |
| R. JAMES NICHOLSON, Secretary, Department of Veterans Affairs, | ) Judge Rebecca R. Pallmeyer ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Kaleta claims that he was discriminated against by his employer, the United States Department of Veteran Affairs ("VA"), when he was passed over for a promotion. Defendant R. James Nicholson, former Secretary of the VA, has moved for summary judgment, arguing that Kaleta's suit is barred because he failed to timely seek counseling with the Equal Employment Opportunity Commission ("EEOC"). The court agrees and grants Defendant's motion for summary judgment.

**FACTS**

Plaintiff began working for the VA in 1979, and, at the time he filed this lawsuit, remained employed by the Jesse Brown VA Medical Center as a file clerk. (VA's 56.1 ¶¶ 2-3.) In August 2004, he applied for the position of Medical Records Technician ("MRT") at the VA. (*Id.* ¶ 4.) Several candidates, both within the VA and external to it, were interviewed during the selection process, and the position was ultimately offered to Edwina Javier, an external candidate. (Ex. 12 to Pl.'s 56.1; Pl.'s 56.1 ¶ 14.) It is undisputed that Javier accepted the MRT position and began work at the Jesse Brown VA facility on December 27, 2004, at which time she met several of the employees with whom she would be working, including Plaintiff. (Javier Decl. ¶ 6, Ex. 2 to VA's Corrected Reply to Pl.'s 56.1 (hereinafter "VA's Reply"); Pl.'s Resp. [49] at 4.)

The parties also agree that during the first week of January 2005, Mary O'Neil, the primary

hiring official in charge of the hiring of the new MRT, told Plaintiff that he was not selected for the position because he did not have related experience and could not perform the assigned duties of an MRT. (VA's Reply ¶¶ 13, 15.) According to Plaintiff, he spent the next two to three months attempting to clarify the hiring decision with the union or seeking to reclassify his current position as that of an MRT. (Pl.'s 56.1 ¶¶ 2, 16.) These efforts were ultimately unsuccessful, and Plaintiff sought counseling from the EEOC on April 8, 2005. (VA's 56.1 ¶ 8.) On May 3, 2005, the VA sent Plaintiff a letter stating, "You were qualified [for the MRT position] and referred for consideration, but not selected." (Ex. 5 to Pl.'s 56.1.) According to Delores Bulluck, the Human Resources employee who signed the May 3 letter, the letter delayed for more than four months after Javier filled the MRT position due to staffing shortages within the Human Resources department. (Bulluck Decl. ¶ 7, Ex. 3 to VA's Reply.)

On November 30, 2006, the EEOC issued Plaintiff a decision notifying him of his right to sue. (Compl. ¶ 4.) Plaintiff filed this three-count complaint on January 31, 2007, claiming the VA's decision was improperly motivated by age (Javier is younger than Plaintiff), disability (Plaintiff claims to suffer from Post-Traumatic Stress Disorder ("PTSD")), and retaliation (Plaintiff had filed a previous EEO complaint for a failure to be promoted in 1996). On May 1, 2007, Defendant filed a motion for summary judgment, arguing that Plaintiff's suit is barred because he failed to seek EEO counseling within the required forty-five day time period from the time Plaintiff learned of his situation. Ruling from the bench, the court denied the motion without prejudice to a renewed motion supported by additional authority. Defendant filed a renewed motion for summary judgment on April 17, 2008.

## **DISCUSSION**

Summary judgment will be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The parties here do not

2

dispute the critical facts relevant to this motion; the sole question is whether the VA is entitled to judgment as a matter of law based on those facts.

A federal employee seeking redress for discriminatory actions taken by his employer must consult with an EEO counselor prior to filing a complaint. Specifically, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The regulations further state that the agency should dismiss a complaint filed later than the 45-day time period. *Id.* § 1614.107(a)(2). The Supreme Court has explained that the date on which an employment discrimination claim accrues is the date on which the employer makes and communicates the final decision to the employee. *Delaware State College v. Ricks,* 449 U.S. 250, 258-59 (1980). The Seventh Circuit holds that the date for filing a claim begins to run when (1) the employer makes a "final, ultimate, and non-tentative decision," and (2) the employer gives the employee "unequivocal" notice of its final decision. *Smith v. Potter*, 445 F.3d 1000, 1007 (7th Cir. 2006) (quoting *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). This test applies not only to termination decisions but to any "unlawful employment practice." *Smith*, 445 F.3d at 1007. *See Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir. 1996) (failure-to-promote claim accrues on the date another employee is appointed to the desired position).

Plaintiff here contends that the mailing of the letter on May 3 constituted the start of the forty-five-day time period; thus, as Plaintiff actually sought EEO counseling even before May 3, his claim is timely. The VA argues that Plaintiff learned of Javier's hiring and his own rejection as an applicant for the MRT position in late December and again in early January, and the forty-five-day period began running at that time.

As described above, the Consistent with the case law described above, the regulation states that the relevant time period begins either on the date of the discriminatory act or the effective date of the personnel action. Here, those two dates are essentially the same, as the alleged

3

discrimination occurred when Defendatn hired Javier instead of Plaintiff in late December 2004. Plaintiff was introduced to Javier on her first day on December 27, and about a week later, Mary O'Neil talked to Plaintiff about the reasons he was not selected for the position. Even assuming that Plaintiff did not know that he had been denied the promotion when he met Javier in December, he cannot claim to have been unaware of the personnel action after O'Neil spoke to him in the first week of January. Forty-five days from that point in time would have required him to seek EEO counseling before the end of February, but he did not do so until April. Plaintiff's argument that the letter constitutes the effective date is without merit. The letter is not "the matter alleged to be discriminatory," nor is May 3 the "effective date" of Plaintiff's non-promotion, as by that time Javier had been working as the MRT for over four months.

Although Plaintiff did not make the argument, the court also notes that Plaintiff's circumstances do not fall within the exception to the forty-five-day time limit. The applicable regulation requires the EEOC to extend the forty-five-day time limit if (a) the individual was not aware of the time limits, (b) did not know of the discriminatory action within the time limits, (c) was unable to contact the counselor, or (d) "for other reasons considered sufficient." 29 C.F.R. § 1614.105(a)(2). Plaintiff has not claimed that he was unaware of the time limit, and even though he acted *pro se* until 2006, Plaintiff admittedly had previous experience with EEO counseling and therefore presumably had some understanding of the process. (Pl.'s 56.1 ¶¶ 5, 7.) He also clearly had knowledge of the discriminatory action within the time limits, as he found out in late December and early January that he had been denied the promotion, and the record does not show that Plaintiff had any difficulty contacting an EEO counselor once he attempted to do so. Finally, the court does not deem any other reasons presented by Plaintiff to be sufficient to bar the application of the time limit. Cast in the most sympathetic light, the evidence suggests that Plaintiff's delay in contacting the EEO counselor was a result of his seeking redress through the union and other means; his PTSD caused him to avoid the conflict that he thought EEO counseling would entail;

4

and he believed that he had been retaliated against for seeking EEO counseling in the past. (Pl.'s 56.1 ¶¶ 1-4, 16.) Notably, these factors, which establish that Plaintiff was seeking other avenues of redress prior to receiving the May 3 letter, undercut Plaintiff's argument that the VA's hiring decision was not final until May 3. In any event, they are insufficient to undermine the time limit required by the EEOC to govern claims such as these. Plaintiff had past experience with EEO counseling, knew or should have known of his rights in the grievance process, and was seeking alternate means to redress his grievance during the limitations period. Therefore, Plaintiff's failure to seek EEO counseling within the mandated time period bars his claim.

This conclusion is wholly consistent with controlling precedent. Addressing the parallel question of when notice from a private employer to its employee is sufficient to begin the tolling of the limitations period, the Seventh Circuit has stated that "unequivocal notice of [an adverse employment action] is all that is required to start the limitations period running; it is not necessary for such notice to be in writing." *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 288 (7th Cir. 1986) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250 (1980)). Provided the decision is final and the employee is unequivocally informed of it, the decision need not "be memorialized in an 'official' communication." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 640-41 (7th Cir. 2004) (citing *Ricks*, 449 U.S. at 257). Plaintiff here received unequivocal notice on at least two occasions prior to the May 3 letter: first, when he was introduced to Javier in late December 2004, and second, when O'Neil explained why he was not selected in early January 2005. Additional evidence, including that Plaintiff worked in the same department at the VA as Javier during this time period and was pursuing other remedies during the limitations period, demonstrates that Plaintiff knew that he had not received the position well before he received the letter. The May 3 letter merely confirmed a fact that Plaintiff already knew and therefore does not alter the start of the time limit for seeking EEO counseling.

The case authorities Plaintiff cites do not support his claim. The plaintiff in *Wolfolk v. Rivera*

was held to have timely filed his charges alleging racial discrimination in his hiring when he was hired at a lower pay grade than similarly-situated white employees, but did not find out about the discrimination until ten months after his hiring. 729 F.2d 1114, 1116 (7th Cir. 1984). He sought EEO counseling within forty-five days of learning of the discrimination—action deemed timely even though it was ten months after the discriminatory act took place.[1] *Id.* As noted above, however, Kaleta knew of the adverse employment action more than forty-five days before he sought EEO counseling; *Wolfolk* therefore does not support the conclusion that the limitations period did not run until May 2005. Plaintiff's reliance on *Smith v. Potter*, 445 F.3d 1000 (7th Cir. 2006) is similarly misplaced. In *Smith*, the plaintiff received a letter from her employer on October 22 notifying her that she would be terminated effective as of November 27, and the court held that the latter date was the starting point for her forty-five-day time limit. *Id.* at 1007. It is unclear how this helps Plaintiff: the case merely relies on the provision of the regulation, cited above, that the limitations period in a personnel action runs from the "effective date" of the action. 29 C.F.R. § 1614.105(a)(1). The effective date of Kaleta's personnel action was when Javier was hired to fill the MRT position, and Plaintiff learned of this decision, at the latest, in the first week of January when O'Neil discussed the hiring decision with him. This took place more than forty-five days before Plaintiff sought EEO counseling, and this action is therefore time-barred.

## **CONCLUSION**

For the reasons stated above, Defendant's renewed motion for summary judgment [45] is granted.

---

[1] The plaintiff in *Wolfolk* actually sought EEO counseling before he learned about the pay disparity, initially in response to his discovery that he was about to be terminated. *Id.* at 1116. Kaleta cites to this fact to support the reasonableness of his seeking EEO counseling prior to receiving the May 3 letter. This does not alter the court's analysis, however; the controlling question is still when the plaintiff did have notice of the adverse employment action. Plaintiff in *Wolfolk* did not receive notice until after he sought EEO counseling; Plaintiff Kaleta had notice in December or January, well before he sought EEO counseling in April.

ENTER:

Dated: December 22, 2008

_____
REBECCA R. PALLMEYER
United States District Judge